T.C. Summary Opinion 2001-119

UNITED STATES TAX COURT

DWAYNE LEE RABOLD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4135-00S.                    Filed August 1, 2001.

Dwayne Lee Rabold, pro se.

<u>Melissa J. Hedtke</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.

Respondent determined deficiencies of $2,210 and $2,271 in petitioner's Federal income taxes for the years 1997 and 1998, respectively. This Court must decide whether petitioner was entitled to file as head-of-household in 1997 and 1998, and whether petitioner was entitled to earned income credits with respect to his daughter, Maddison Rabold, in 1997 and 1998.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Duluth, Minnesota, at the time he filed his petition.

Petitioner has two children, Maddison Rabold (Maddison), born September 6, 1994, and Alaisa Mae Rabold, born June 4, 1992. The children's mother is Kristina L. Strom (Kristina). Petitioner and Kristina divorced on March 18, 1997. Physical custody of the children was awarded to Kristina. Petitioner was awarded the right of reasonable and liberal visitation. Kristina was also awarded possession of the homestead at 7 North 56th Avenue West (56th Avenue home).

During 1997 and 1998, Kristina resided at the 56th Avenue home. The children's address was the 56th Avenue home. Petitioner resided with roommates in various apartments in Duluth during 1997 and 1998.

Petitioner's divorce decree provides that petitioner is entitled to claim Maddison as a dependent for State and Federal income tax purposes. Petitioner construed this to mean that he

could claim her for all tax purposes. In 1997 and 1998, petitioner claimed head-of-household filing status and earned income credits based on one qualifying child, Maddison. Kristina also claimed Maddison for purposes of the earned income credit in 1997.

Respondent determined that in 1997 and 1998 petitioner's filing status was single rather than head-of-household and that petitioner was not entitled to the earned income credit.

Section 2(b) defines head-of-household as an individual taxpayer who is unmarried at the close of his taxable year and who maintains as his home a household that constitutes the principal place of abode for more than one-half of the taxable year of a daughter of the taxpayer who resides there as a member of that household. An individual taxpayer is considered as maintaining a household only if he furnishes more than one-half of the cost of maintaining that household. Sec. 2(b)(1). "The expenses of maintaining a household include property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises." Sec. 1.2-2(d), Income Tax Regs.

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec.

32(c)(1)(A)(i).  A qualifying child is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).  To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed.  Sec. 32(c)(3)(A)(ii).

Petitioner testified that he would have "the kids for four or five days at a time, a week at a time, vacations, holidays, weekends."  He also testified that he paid for at least half of their expenses.  We believe that petitioner was actively involved in the parenting of his children and that he was very devoted to them.

However, petitioner did not have any evidence which documented the time he spent with his children.  A log kept by Kristina establishes that petitioner usually would take the girls on some of the weekends and on some vacations.  Due to various circumstances, petitioner did not take the girls every single weekend.  Looking at all the evidence in the light most favorable to petitioner, it appears that petitioner's children often stayed with him, but we find on this record that they resided with Kristina for more than 50 percent of the year.

Petitioner expressed consternation over the provision in the divorce decree that provided him with the right to claim Maddison as a dependent.  The divorce decree allows petitioner the right

to claim a dependency exemption deduction for Maddison under section 151(c) in accordance with section 152(e)(2). It does not provide petitioner with the right to claim head-of-household filing status and the earned income credit. In order to claim head-of-household filing status and the earned income credit, petitioner must satisfy all of the statutory requirements under sections 2(b) and 32, respectively. We note that respondent did not disallow petitioner's claimed dependency exemption deduction, nor is petitioner being penalized for his misunderstanding inasmuch as respondent did not determine any penalties.

Petitioner filed in the manner he did based on his understanding of the divorce decree provision allowing him to claim Maddison as his dependent. Nevertheless, both section 2(b) and section 32 require that petitioner's household be Maddison's principal place of abode for more than one-half of the taxable year. Although Maddison resided with him for part of each year, this does not satisfy the requirement that they had the same principal place of abode for more than one-half of each taxable year. Accordingly, we sustain respondent's determination.

To the extent that we have not addressed any of the parties'

arguments, we have considered them and conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.